# Charles McGroarty *v.* John and Thomas B. Wanamaker, Robert C. Ogden and L. Rodman Wanamaker, trading as John Wanamaker, Appellant.

*Negligence—Master and servant—Vice principal—Province of court and jury—Elevator.*

In an action by an employee against his employer to recover damages for personal injuries caused by the fall of an elevator, it appeared that the plaintiff who operated the elevator reported to defendant's manager that it was defective. The manager directed a machinist to fix it. After the machinist had finished his work plaintiff asked him whether it was safe to run the elevator, and the machinist replied that it was. The manager testified that the machinist was intrusted by him with the entire discretion as to what repairs to make, and how to make them, and that it was perfectly proper for him to tell plaintiff to run the elevator after it was fixed. *Held*, that it was for the jury to determine whether plaintiff was bound to inquire any further.

In an action to recover damages for injuries caused by the fall of an elevator, the case is for the jury where it appears that the plaintiff operated it for the defendants; that it was old, nearly worn out in important parts, and in plain need of a general and critical overhauling, and that repairs, made shortly before the accident, and on previous occasions, were superficial and inadequate.

Argued April 5, 1898. Appeal, No. 52, Jan. T., 1898, by defendants, from judgment of C. P. No. 4, Phila Co., June T., 1896, No.      , on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

At the trial it appeared that on April 14, 1896, plaintiff was injured by the fall of an elevator which he was operating in defendants' warehouse.

Other facts sufficiently appear by the opinion of the Supreme Court.

Plaintiff's points and the answers thereto among others were as follows :

2. The mere fact that defendants have shown that repairs were made to the elevator whenever their attention was directed to its defective condition by the plaintiff, does not release them

from liability resulting from injuries suffered by their servant. If you should find from the evidence that the repairs made were inadequate or deficient, or that the condition of the elevator was not such as would justify a prudent man in permitting his servant to continue to use the same, then your verdict should be for the plaintiff. *Answer:* That point I affirm. [2]

3. If the jury believe that the defendants' agent told the plaintiff, after having repaired the elevator the morning of the accident, that the same was all right and to go ahead, and the plaintiff, in consideration and in accordance with said information, and confiding in the promise of the defendants' agent, did immediately commence to operate said elevator, which at the time of the admission and promise by defendants' agent was in a defective and dangerous condition, and which was unknown to the plaintiff, and which could or should have been known to the defendants, and in consequence of the defective and dangerous condition of said elevator plaintiff suffered the injuries complained of, your verdict should be for the plaintiff. *Answer:* That point I affirm. [3]

4. If the jury believe, as has been testified to, that the defendants had been warned by the screaming of the elevator that the parts were being worn, and that by the wearing or friction the gear or worm wheel had its cogs worn down so thin as to render them liable to break upon operating the elevator, so reducing the factor of safety as to make it dangerous to run the elevator, and that the defendants neglected to remedy or repair this defect, or put in a new gear wheel, although they may have made other repairs to the elevator, and that it was by reason of this defective and worn out gear wheel that the elevator broke and this accident happened, then you should find a verdict for the plaintiff. *Answer:* That point I affirm. [4]

5. Even if the defendants did not know the exact cause of the accident, or did not know of the defect in the machinery, yet if the jury believe that this elevator had been out of repair previous to the accident, and that the circumstances were such as to give the defendants notice that there was something wrong with the elevator and the apparatus for running the same, and if the jury believe that the repairs made to the elevator were such as would be merely superficial, or inadequate, or deficient in their character, then the jury should find that by the exer-

cise of reasonable care the defendants should have known of the defect in the elevator, or the machinery for working the same, and should have properly and entirely repaired or replaced the same, and the jury should therefore find 'a verdict for the plaintiff. *Answer :* That point I affirm. [5]

Verdict for plaintiff for $8,645. Upon remittitur filed, judgment was entered for $5,000. Defendants appealed.

*Errors assigned* were (2–5) above instructions quoting them.

*Hampton L. Carson,* for appellant.—A workman ordered to desist from work until repairs are made cannot, expect at his own risk, resume work until the repairs have been declared to be satisfactory by the master or a vice principal, or. until a sufficient time has elapsed to charge the master with knowledge of their insufficiency: Wharton on Negligence (2d ed.), sec. 230; Morgan v. Ry., 5 Best & Smith, 570; Kelley v. Norcross, 121 Mass. 508; Tunney v. Ry., L. R. 1 C. P. Cases, 291; New York, L. E., etc., R. R. v. Bell, 112 Pa. 404; Johnson v. Boston Tow-Boat Co., 135 Mass. 209; Schulz v. Rohe, 43 N. E. Rep. 420; Lehigh Val. Coal Co. v. Jones, 86 Pa. 432; Faulkner v. Ry., 49 Barbour, 324; Lineoski v. Coal Co., 157 Pa. 153; Campbell v. Penna. R. R., 17 W. N. C. 73.

A master is not an insurer against accidents: Northcoate v. Bachelder, 111 Mass. 322; Mansfield Coal and Coke Co. v. McEnery, 91 Pa. 185; Durgin v. Munson, 91 Mass. 400; Malone v. Hathaway, 64 N. Y. 5; Hofnagle v. N. Y. C. & H. R. R. R., 55 N. Y. 610; Tarrant v. Webb, 18 C. B. 798.

*Augustus Trask Ashton,* with him *George Demming,* for appellee.—The question whether the repairs made by Blackman were sufficient and adequate, was properly left for the determination of the jury: Mulvey v. R. I. L. Works, 14 R. I. 204; Corcoran v. Holbrook, 59 N. Y. 517.

Blackman was not a fellow servant: Fuller v. Jewett, 80 N. Y. 46; Kirkpatrick v. N. Y. Cent., etc., R. R., 79 N. Y. 240; Myers v. Hudson Iron Co., 150 Mass. 125; Moynihan v. Hills Co., 146 Mass. 587; Mahoney v. Dore, 155 Mass. 513; Toy v. Cartridge Co., 159 Mass. 313.

This is not a case where the servant accepts the risks of his employment: Chicago, etc., R. R. Co. v. Kneirim, 152 Ill. 461 ; Bannon v. Lutz, 158 Pa. 166 ; Bennett v. Glass Co., 158 Pa. 120 ; Brownfield v. Hughes, 128 Pa. 194.

The following are a few of the Pennsylvania cases where the Supreme Court has held that a servant was entitled to recover damages for injuries sustained through defective machinery, notwithstanding the master had remedied the defect to which his attention had been directed : Sopherstein v. Bertels, 178 Pa. 407 : Bier v. Standard Mfg. Co., 130 Pa. 446 ; Penna. & N. Y Canal and R. R. Co. v. Mason ; Same v. Leslie, 109 Pa. 296 ; Walbert v. Trexler, 156 Pa. 112 ; Fritz v. Jenner, 166 Pa. 292 ; Kingan v. Pittsburg Traction Co., 5 Pa. Superior Ct. 436.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898 :

An elevator operated by plaintiff having given indications that it was out of order, plaintiff reported the fact to Thompson, manager of the mechanical department of defendant's business, and Thompson directed Blackman, who was employed as a practical machinist, to fix it.    The next morning Blackman having finished his work on the elevator was asked by plaintiff if it was safe to run and replied that it was, but not to load it too heavy.    Plaintiff then resumed his occupation, but at the third trip the elevator fell and injured him.    The learned judge below submitted the question of defendants' liability to the jury.

The assignments of error are principally to the answers to points and to the submission of the case to the jury, instead of giving a binding direction for defendants.    It is not claimed that the points affirmed were not correct as general propositions of law, but that they were not applied with sufficient limitations to the present case.    The stress of the argument of appellants is stated in the proposition that "a workman ordered to desist from work until repairs are made, cannot, except at his own risk, resume work until the repairs have been declared to be satisfactory by the master or a vice-principal, or until a sufficient time has elapsed to charge the master with knowledge of their insufficiency," or, as applied to the facts of this case, that Thompson was the vice principal and Blackman a mere co-employee, and that plaintiff, having been directed by Thompson not to run the elevator until it was repaired, should have

waited until Thompson again set him to work, or declared the repairs made, and that plaintiff having taken the assurance of Blackman for it, took the risk upon himself of Blackman's negligence. But whatever may be the force of this proposition in the abstract it cannot be applied by the court as a matter of law in the present case, in view of Thompson's own testimony that Blackman was entrusted by him with the entire discretion what repairs to make, and how to make them, and that "it was perfectly proper for him to tell Mr. McGroarty to run the elevator, when the elevator was fixed." This was evidence that, for the purpose of informing plaintiff when he should resume his work, Thompson had on this occasion put Blackman in his place, and it was therefore a question for the jury whether plaintiff was bound to inquire any further when Blackman told him it was safe to go on.

The real question in the case was whether the repairs made on this and previous occasions were not superficial and inadequate, in view of the evidence that the elevator was old and nearly worn out in important parts, and in plain need of a general and critical overhauling. This question was properly submitted to the jury. It could not have been taken away from them on the evidence presented.

Judgment affirmed.